# EXHIBIT A

COMMONWEALTH OF MASSACHUSETTS

WORCESTER, SS

SUPERIOR COURT DEPARTMENT
OF THE TRIAL COURT
CIVIL ACTION NO. 21-

|  |  |
|---|---|
| Boyzzi, Inc.,<br>Christopher Rovezzi,<br>               Plaintiffs<br><br>V.<br><br>Western World Insurance Company Group,<br>American International Group, Inc. (AIG)<br>              Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

RECEIVED

JAN 0 8 2021

CLERK OF COURTS
WORCESTER COUNTY

## **COMPLAINT**

### I.    PARTIES

1.    The Plaintiff, Boyzzi, Inc. d/b/a Rovezzi's Ristorante (hereinafter "Boyzzi") is a Massachusetts corporation with a mailing address of 28 Maple Street, Sturbridge, Massachusetts.  The business operated out of a location at 2 School Street in Sturbridge, Massachusetts.

2.    The Plaintiff, Christopher Rovezzi (hereinafter "Rovezzi"), is the sole owner of Boyzzi. He lives at 28 Maple Street in Sturbridge, Massaschsusetts.

3.    The Defendant, Western World Insurance Company Group (hereinafter "Western World"), is an insurance company which issued a property and business income loss insurance policy to Boyzzi bearing policy number NPP8475248. Upon information and belief, its administrative office is located at 300 Kimball Drive, suite 500, Parsippany, New Jersey 07054.

4.      The Defendant, American International Group, Inc. (hereinafter "AIG"), is the owner of
Western World. Upon information and belief, AIG is headquartered at 175 Water Street
in New York, New York.

## II.   FACTS RELATIVE TO ALL COUNTS

4.      The Plaintiffs repeat, reallege and incorporats herein the allegations contained in
paragraphs 1 through 4 above.

5.      Boyzzi ran a restaurant called Rovezzi's Ristorante (hereinafter "Ristorante") located at 2
School Street in Fiskdale (Sturbridge, Massachusetts).  Rovezzi, the sole shareholder of Boyzzi,
was the manager, owner and lead chef at Ristorante.  It was one of the most well know and well
regarded restaurants in Massachusetts and in particular central Massachusetts.

6.      The Ristorante had been in business for over seventeen years when a water pipe burst on
the second floor bathroom of the building at 2 School Street on January 11, 2019.  The burst
water pipe flooded a large portion of the restaurant causing it to close down for needed repairs.
The shutdown, of course, caused all revenue generation to cease.

7.      Western World, and in turn AIG, insured Boyzzi for property and business interruption
income loss through a policy numbered NPP8475248.  The policy period was from July 31, 2018
through July 31, 2019.

8.      Western World and AIG repeatedly without any basis refused to accept liability for the
resulting losses incurred from the burst water pipe and refused to pay a dime towards repairs, lost
income and other policy required payments.  Every day that Western World and AIG refused to
pay their obligations under the policy was another day the restaurant was closed and shuttered.

9.     Western World and AIG continued to refuse to accept liability until July 1, 2019 when litigation was close to fruition and after the sending of M.G. L. 93A liability letters by the Plaintiffs.

10.    By July of 2019, the Ristorante was beyond reopening and the mortgage holder on the 2 School Street property had begun the seizure process and put a for sale sign on the front of the restaurant.

11.    To this day, Western World and AIG have not paid a dime toward the business income loss and only paid property damage loss after being forced into a Reference where the Referees fully repudiated Western World and AIG's position.

12.    The singular and only reason that Boyzzi and Rovezzi lost their state-class renowned restaurant after seventeen years was because of Western World and AIG knowingly and intentionally choosing to deny a claim that should have been paid nearly immediately.  All liability was denied by Western World and AIG for nearly six months without any basis or foundation.  Western World and AIG's actions were intentional, knowing and deceptive.

13.    The singular and only reason that the Plaintiffs' business closed and their livelihood ceased was because of Western World and AIG's failure to fulfill their contractual obligation to them.

## COUNT I

## BREACH OF CONTRACT BY WESTERN WORLD and AIG

14.    The Plaintiffs repeat, reallege and incorporate herein the allegations contained in paragraphs 1 through 13 above.

15.     The Plaintiffs and Western World had a contract wherein Western World would insure the building, property, restaurant and income of Boyzzi and Rovezzi's restaurant from damage of the type that occurred, specifically the burst water pipe in the second floor bathroom.

16.     Western World and AIG refused to accept to accept liability and pay out monies as required by the contractual obligations under the policy.

17.     The Plaintiffs have been severely harmed by Western World and AIG's breach with such breach causing them significant financial harm and, in the case of Rovezzi, emotional harm.  As a result of the foregoing, the Plaintiffs are entitled to recover damages in an amount to be determined at trial but in excess of $500,000.00, plus prejudgment interest and attorney's fees and costs.

## COUNT II

## BREACH OF IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING BY WESTERN WORLD and AIG

18.     The Plaintiffs repeat, reallege and incorporate herein the allegations contained in paragraphs 1 through 17 above.

19.     Based on the foregoing facts, Western World and AIG breached and violated the covenant of good faith and fair dealing implied in a contract with the Plaintiffs.

20.     Western World and AIG have breached their obligation of good faith and fair dealing in failing to pay out monies as required under the insurance contract with the Plaintiffs.

21.     As a result of the foregoing, the Plaintiffs are entitled to recover damages in an amount to be determined at trial, but in excess of $500,000.00, plus prejudgment interest and attorney's fees and costs.

## COUNT III

## VIOLATION OF M.G.L. 93A and M.G.L. 176D by WESTERN WORLD and AIG

22.     The Plaintiffs repeat, reallege and incorporate herein the allegations contained in paragraphs 1 through 21 above.

23.     The Plaintiffs and Western World had a contract wherein Western World would insure the building, property, restaurant and income of Boyzzi and Rovezzi's restaurant from damage of the type that occurred, specifically the burst water pipe in the second floor bathroom.

24.     Western World and AIG refused to accept to accept liability and pay out monies as required by the contractual obligations under the policy.  This refusal to accept liability and pay out the monies contractually owed was done by Western World and AIG knowingly, intentionally and deceptively hoping to force the Plaintiffs to close the business and walk away.

25.     The Plaintiffs have been severely harmed by Western World and AIG's breaches which are clear violations of M.G.L. 93 A and M.G.L 176D.  The intentional and knowing breaches caused the Plaintiffs significant financial harm and, in the case of Rovezzi, emotional harm.  As a result of the foregoing, the Plaintiffs are entitled to recover damages in an amount to be determined at trial but in excess of $500,000.00 ($1,500,000.00 under M.G.L. 93A), plus prejudgment interest and attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Honorable Court grant them the following relief:

1.   Enter judgment for the Plaintiffs on each count of the Complaint and award them damages in an amount to be determined at trial but in excess of $500,000.00, including attorney's fees, costs and interest; and

2.   Grant any other relief that the court deems just and equitable.

## JURY DEMAND

Plaintiffs demand a trial by jury on all claims so triable.

Respectfully submitted,
Boyzzi, Inc. and Christopher Rovezzi
By Their Attorney,

James P. Ehrhard (BBO # 651797)
Ehrhard & Associates, P.C.
250 Commercial Street, Suite 410
Worcester, MA  01608
Ph: 508.791.8411
ehrhard@ehrhardlaw.com

Dated: January 8, 2021

# EXHIBIT B

| CIVIL ACTION COVER SHEET | DOCKET NUMBER | Trial Court of Massachusetts<br>The Superior Court |
|---|---|---|

**PLAINTIFF(S):** Boyzzi, Inc. and Christopher Rovezzi

**ADDRESS:** 28 Maple Steel

Sturbridge, MA 01556

**COUNTY**
Worcester

**DEFENDANT(S):** (1) Western World Insurance Company Group

(2) American International Group, Inc. (AIG)

**ATTORNEY:** James P. Ehrhard, Esq.

**ADDRESS:** Ehrhard & Associates, P.C.

250 Commercial Street, suite 410

Worcester, Massachusetts 01608

**BBO:** 651797

**ADDRESS:** (1) 300 Kimball Drive, suite 500, Parsippany, New Jersey 07054

(2)175 Water Street, New York, New York 10038

## TYPE OF ACTION AND TRACK DESIGNATION (see reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| A06 | Insruance Contract | F | ☒ YES   ☐ NO |

**"If "Other" please describe:**

**Is there a claim under G.L. c. 93A?**
☒ YES   ☐ NO

**Is this a class action under Mass. R. Civ. P. 23?**
☐ YES   ☐ NO

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

The following is a full, itemized and detailed statement of the facts on which the undersigned plaintiff or plaintiff's counsel relies to determine money damages.
For this form, disregard double or treble damage claims; indicate single damages only.

### TORT CLAIMS
(attach additional sheets as necessary)

A. Documented medical expenses to date:
1. Total hospital expenses ............................................................................................................................ $
2. Total doctor expenses ............................................................................................................................... $
3. Total chiropractic expenses ...................................................................................................................... $
4. Total physical therapy expenses .............................................................................................................. $
5. Total other expenses (describe below) ..................................................................................................... $
Subtotal (A): $

JAN 08 2021

B. Documented lost wages and compensation to date ...................................................................................... $
C. Documented property damages to date ........................................................................................................ $
D. Reasonably anticipated future medical and hospital expenses ..................................................................... $
E. Reasonably anticipated lost wages ............................................................................................................... $
F. Other documented items of damages (describe below) ................................................................................. $

CLERK OF COURTS
WORCESTER COUNTY

G. Briefly describe plaintiff's injury, including the nature and extent of injury:

TOTAL (A-F):$

### CONTRACT CLAIMS
(attach additional sheets as necessary)

☐ This action includes a claim involving collection of a debt incurred pursuant to a revolving credit agreement. Mass. R. Civ. P. 8.1(a).
Provide a detailed description of claim(s):

**TOTAL: $** 500,000.00+

Payment of amount owed for business income loss, plus attorneys fees and costs

**Signature of Attorney/ Unrepresented Plaintiff: X**    **Date: January 8, 2021**

**RELATED ACTIONS:** Please provide the case number, case name, and county of any related actions pending in the Superior Court.

## CERTIFICATION PURSUANT TO SJC RULE 1:18

I hereby certify that I have complied with requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court-connected dispute resolution services and discuss with them the advantages and disadvantages of the various methods of dispute resolution.

**Signature of Attorney of Record: X**    **Date: January 8, 2021**

# CIVIL ACTION COVER SHEET INSTRUCTIONS
## SELECT CATEGORY THAT BEST DESCRIBES YOUR CASE

**AC Actions Involving the State/Municipality \***

| | |
|---|---|
| AA1 Contract Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AB1 Tortious Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AC1 Real Property Action involving Commonwealth, Municipality, MBTA etc. | (A) |
| AD1 Equity Action involving Commonwealth, Municipality, MBTA, etc. | (A) |
| AE1 Administrative Action involving Commonwealth, Municipality, MBTA,etc. | (A) |

**CN Contract/Business Cases**

| | |
|---|---|
| A01 Services, Labor, and Materials | (F) |
| A02 Goods Sold and Delivered | (F) |
| A03 Commercial Paper | (F) |
| A04 Employment Contract | (F) |
| A05 Consumer Revolving Credit - M.R.C.P. 8.1 | (F) |
| A06 Insurance Contract | (F) |
| A08 Sale or Lease of Real Estate | (F) |
| A12 Construction Dispute | (A) |
| A14 Interpleader | (F) |
| BA1 Governance, Conduct, Internal Affairs of Entities | (A) |
| BA3 Liability of Shareholders, Directors, Officers, Partners, etc. | (A) |
| BB1 Shareholder Derivative | (A) |
| BB2 Securities Transactions | (A) |
| BC1 Mergers, Consolidations, Sales of Assets, Issuance of Debt, Equity, etc. | (A) |
| BD1 Intellectual Property | (A) |
| BD2 Proprietary Information or Trade Secrets | (A) |
| BG1 Financial Institutions/Funds | (A) |
| BH1 Violation of Antitrust or Trade Regulation Laws | (A) |
| A99 Other Contract/Business Action - Specify | (F) |

\* Choose this case type if ANY party is the Commonwealth, a municipality, the MBTA, or any other governmental entity UNLESS your case is a case type listed under Administrative Civil Actions (AA).

† Choose this case type if ANY party is an incarcerated person, unless your case is a case type listed under Administrative Civil Actions (AA) or is a Prisoner Habeas Corpus case (E97).

**ER Equitable Remedies**

| | |
|---|---|
| D01 Specific Performance of a Contract | (A) |
| D02 Reach and Apply | (F) |
| D03 Injunction | (F) |
| D04 Reform/ Cancel Instrument | (F) |
| D05 Equitable Replevin | (F) |
| D06 Contribution or Indemnification | (F) |
| D07 Imposition of a Trust | (A) |
| D08 Minority Shareholder's Suit | (A) |
| D09 Interference in Contractual Relationship | (F) |
| D10 Accounting | (A) |
| D11 Enforcement of Restrictive Covenant | (F) |
| D12 Dissolution of a Partnership | (F) |
| D13 Declaratory Judgment, G.L. c. 231A | (A) |
| D14 Dissolution of a Corporation | (F) |
| D99 Other Equity Action | (F) |

**PA Civil Actions Involving Incarcerated Party †**

| | |
|---|---|
| PA1 Contract Action involving an Incarcerated Party | (A) |
| PB1 Tortious Action involving an Incarcerated Party | (A) |
| PC1 Real Property Action involving an Incarcerated Party | (F) |
| PD1 Equity Action involving an Incarcerated Party | (F) |
| PE1 Administrative Action involving an Incarcerated Party | (F) |

**TR Torts**

| | |
|---|---|
| B03 Motor Vehicle Negligence - Personal Injury/Property Damage | (F) |
| B04 Other Negligence - Personal Injury/Property Damage | (F) |
| B05 Products Liability | (A) |
| B06 Malpractice - Medical | (A) |
| B07 Malpractice - Other | (A) |
| B08 Wrongful Death - Non-medical | (A) |
| B15 Defamation | (A) |
| B19 Asbestos | (A) |
| B20 Personal Injury - Slip & Fall | (F) |
| B21 Environmental | (F) |
| B22 Employment Discrimination | (F) |
| BE1 Fraud, Business Torts, etc. | (A) |
| B99 Other Tortious Action | (F) |

**RP Summary Process (Real Property)**

| | |
|---|---|
| S01 Summary Process - Residential | (X) |
| S02 Summary Process - Commercial/ Non-residential | (F) |

**RP Real Property**

| | |
|---|---|
| C01 Land Taking | (F) |
| C02 Zoning Appeal, G.L. c. 40A | (F) |
| C03 Dispute Concerning Title | (F) |
| C04 Foreclosure of a Mortgage | (X) |
| C05 Condominium Lien & Charges | (X) |
| C99 Other Real Property Action | (F) |

**MC Miscellaneous Civil Actions**

| | |
|---|---|
| E18 Foreign Discovery Proceeding | (X) |
| E97 Prisoner Habeas Corpus | (X) |
| E22 Lottery Assignment, G.L. c. 10, § 28 | (X) |

**AB Abuse/Harassment Prevention**

| | |
|---|---|
| E15 Abuse Prevention Petition, G.L. c. 209A | (X) |
| E21 Protection from Harassment, G.L. c. 258E | (X) |

**AA Administrative Civil Actions**

| | |
|---|---|
| E02 Appeal from Administrative Agency, G.L. c. 30A | (X) |
| E03 Certiorari Action, G.L. c. 249, § 4 | (X) |
| E05 Confirmation of Arbitration Awards | (X) |
| E06 Mass Antitrust Act, G.L. c. 93, § 9 | (A) |
| E07 Mass Antitrust Act, G.L. c. 93, § 8 | (X) |
| E08 Appointment of a Receiver | (X) |
| E09 Construction Surety Bond, G.L. c. 149, §§ 29, 29A | (A) |
| E10 Summary Process Appeal | (X) |
| E11 Worker's Compensation | (X) |
| E16 Auto Surcharge Appeal | (X) |
| E17 Civil Rights Act, G.L. c.12, § 11H | (A) |
| E24 Appeal from District Court Commitment, G.L. c.123, § 9(b) | (X) |
| E25 Pleural Registry (Asbestos cases) | |
| E94 Forfeiture, G.L. c. 265, § 56 | (X) |
| E95 Forfeiture, G.L. c. 94C, § 47 | (F) |
| E99 Other Administrative Action | (X) |
| Z01 Medical Malpractice - Tribunal only, G.L. c. 231, § 60B | (F) |
| Z02 Appeal Bond Denial | (X) |

**SO Sex Offender Review**

| | |
|---|---|
| E12 SDP Commitment, G.L. c. 123A, § 12 | (X) |
| E14 SDP Petition, G.L. c. 123A, § 9(b) | (X) |

**RC Restricted Civil Actions**

| | |
|---|---|
| E19 Sex Offender Registry, G.L. c. 6, § 178M | (X) |
| E27 Minor Seeking Consent, G.L. c.112, § 12S | (X) |

**TRANSFER YOUR SELECTION TO THE FACE SHEET**

**EXAMPLE:**

| CODE NO. | TYPE OF ACTION (specify) | TRACK | HAS A JURY CLAIM BEEN MADE? |
|---|---|---|---|
| B03 | Motor Vehicle Negligence-Personal Injury | F | ☒ YES ☐ NO |

## STATEMENT OF DAMAGES PURSUANT TO G.L. c. 212, § 3A

**DUTY OF THE PLAINTIFF -** The plaintiff shall set forth, on the face of the civil action cover sheet (or attach additional sheets as necessary), a statement specifying the facts on which the plaintiff relies to determine money damages. A copy of such civil action cover sheet, including the statement as to the damages, shall be served with the complaint. **A clerk-magistrate shall not accept for filing a complaint, except as otherwise provided by law, unless it is accompanied by such a statement signed by the attorney or self-represented litigant.**

**DUTY OF THE DEFENDANT -** If the defendant believes that the statement of damages filed by the plaintiff is inadequate, the defendant may file with his/her answer a statement specifying the potential damages which may result if the plaintiff prevails.

**A CIVIL COVER SHEET MUST BE FILED WITH EACH COMPLAINT.
FAILURE TO COMPLETE THIS COVER SHEET THOROUGHLY AND ACCURATELY
MAY RESULT IN DISMISSAL OF THIS ACTION.**